IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| JOHN GONZALES GARCIA, §<br>Institutional ID No. 2007276, §<br>§<br>Plaintiff, §<br>§<br>v. §<br>§<br>TALMADGE TRAMMELL, M.D., §<br>§<br>Defendant. § | Civil Action No. 1:19-CV-00022-BU |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court, this civil action was referred to the undersigned United States Magistrate Judge. The findings, conclusions, and recommendation of the undersigned are as follows:

### I.   BACKGROUND

Plaintiff John Gonzales Garcia ("Garcia"), proceeding *pro se*, filed this 42 U.S.C. § 1983 action on January 14, 2019. Dkt. No. 1. The Court granted Garcia leave to proceed *in forma pauperis*, which subjects his complaint to the Court's preliminary judicial screening measures pursuant to 28 U.S.C. § 1915(e)(2). Garcia alleges that Defendant Talmadge Trammell, M.D., ("Dr. Trammell"), performed a "failed surgery" on Garcia's back "at the Hendrix Hospital in Abilene, TX" while Garcia was an inmate incarcerated by the Texas Department of Criminal Justice ("TDCJ"). Dkt. No. 1 at 6.

Garcia originally filed this § 1983 action in the Lubbock Division of the United States District Court for the Northern District of Texas. However, on February 21, 2019, United States

1

Magistrate Judge D. Gordon Bryant severed Garcia's claims against Dr. Trammell and transferred all claims against Dr. Trammell to the Abilene Division.  Dkt. No. 10 at 2.

Pursuant to Special Order 3-326, this case was reassigned to the undersigned on October 1, 2019, for further proceedings.  *See* Dkt. No. 16.

## II.   PRELIMINARY SCREENING

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id*. at 327.  Claims lack an arguable basis in fact if they describe "fantastic or delusional scenarios," *Id*. at 327–28, and such claims may be dismissed

> as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (citations and internal quotation marks omitted).

Federal Rule of Civil Procedure 8(a) requires that "[a] pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).

Dismissal for failure to state a claim "turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam); emphasis added by *Smith*). The Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson*, 574 U.S. at 11.

To survive dismissal under the framework of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that he contends entitle him to relief. *Johnson*, 574 U.S. at 12 (citing Fed. R. Civ. P. 8(a)(2)–(3), (d)(1), (e)); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("[T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context."))).

In the current context, the Court "must construe the pleadings of *pro se* litigants liberally." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791–92 (5th Cir. 1986).

### III.     RELIEF UNDER § 1983

Garcia brings suit under 42 U.S.C. § 1983.  That statute "provides a cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994).  It "afford[s] redress for violations of federal statutes, as well as of constitutional norms."  *Id*.  To state a claim under § 1983, a plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution or laws of the United States; and (2) the complained of conduct was committed under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

Garcia does not allege that Dr. Trammell is a state actor within the meaning of § 1983.  In some circumstances, a private actor may be "acting under color of state law" and thus held liable under § 1983 when the private act or conduct is "fairly attributable to the state."  *See Lugar v. Edmonson Oil Co., Inc.*, 457 U.S. 922, 936–37 (1982); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970) (recognizing that conspiring with a state actor may subject a private party to § 1983 liability); *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989) (recognizing that a private actor may be considered a state actor when he or she "performs a function which is traditionally the exclusive province of the state" or when "there is a nexus between the state and the action of the private defendant such that the action is fairly attributable to the state").

Garcia does not invoke any basis for finding Dr. Trammell to be a state actor.  Even if Dr. Trammell was a state actor within the meaning of § 1983, Garcia merely alleges that Dr. Trammell committed medical malpractice when he performed a "failed" surgery on Garcia's lower back. Allegations of medical malpractice, negligence, or unsuccessful treatment, without more, fail to establish a cognizable claim under § 1983.  *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

## IV.     RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the District Court DISMISS Garcia's claim with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. This dismissal shall constitute a "strike" within the meaning of 28 U.S.C. § 1915(g).[1]

It is, therefore, ORDERED that this case be TRANSFERRED back to the docket of the Honorable Sam R. Cummings, Senior United States District Judge.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[1] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

IT IS SO ORDERED this 16th day of June, 2020.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE